IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>UNIVERSAL HEALTH SERVICES, )<br>INC., et al., )<br>)<br>Defendants. ) | **MEMORANDUM OPINION**<br>Civil Action No. 1:07cv000054 |

This matter was heard before the undersigned on June 21, 2011, on The United States' Motion For Sanctions Against Defendants For Spoliation Of Video Evidence, (Docket Item No. 195) ("Motion"). Based on the arguments and representations of counsel, and for the reasons stated below, the Motion will be denied.

*I. Background*

This action was filed under seal on June 14, 2007, by three therapists, ("Relators"), who had been employees of Marion Youth Center between 2004 and 2006. The Relators claimed that Universal Health Services, Inc., Keystone Marion, LLC, and Keystone Education And Youth Services, LLC, all doing business as Keystone Marion Youth Center, had discriminated against them in their employment on the basis of race and/or gender. The Relators also alleged that Marion Youth Center, beginning in December 2004 and continuing until "the

present," had submitted false claims to the Virginia Medicaid Program in violation of the federal False Claims Act and the Virginia Fraud Against Taxpayers Act. The Relators' Complaint remained under seal while the federal and state governments, ("Government"), investigated their claims and decided whether to intervene in the case.

In October 2007, the Office of Inspector General for the United States Department of Health and Human Services, ("OIG"), issued a subpoena to Marion Youth Center requesting patient records and/or files of all Virginia Medicaid beneficiaries treated at Marion Youth Center between January 1, 2003, and December 31, 2006. On July 3, 2008, the OIG issued additional subpoenas to Marion Youth Center and Universal Health Services, Inc., ("Universal"). These subpoenas included specific requests for all video surveillance recordings for the Marion Youth Center for the time period from January 1, 2004, through "the Present." In response to these subpoenas, counsel for the defendants notified counsel for the Government that there was no long-term storage on the video surveillance recording system used at Marion Youth Center and that the system routinely recorded over the oldest files on a "first-in, first-out" basis. Therefore, according to counsel, any video surveillance recordings made more than 30 days earlier would no longer exist.

The Government concedes that the parties agreed that the defendants would not be required to immediately produce the available video surveillance recordings. The Government, in its written arguments, alleges that counsel for the parties, at that time, did not specifically discuss any obligation on behalf of the defendants to preserve the video surveillance recordings then in existence. The defendants assert

that the Government did not make any preservation demand regarding the video surveillance footage then in existence and, further, that their counsel and counsel for the Government agreed that there was no need to change the defendants' current practice of recording over any video surveillance images more than 30 days old. At the June 21, 2011, hearing, counsel for the Government stated that he simply did not remember whether he had reached this agreement with defense counsel.

On November 10, 2008, counsel for the Government met with counsel for the defendants and provided the defendants with a copy of the Relators' Complaint. In November 2009, the Government gave notice of its intention to intervene. On March 2, 2010, the government filed its Complaint alleging that the defendants had violated the False Claims Act and the Virginia Fraud Against Taxpayers Act by billing the Virginia Medicaid program for psychiatric services beginning in October 2005 and continuing until the date of the filing of the Government's Complaint when, in effect, no inpatient psychiatric services were provided.

On March 10, 2010, counsel for the Government wrote counsel for the defendants "to request confirmation that Defendants have undertaken appropriate measures to ensure the retention and preservation of all information (electronic or otherwise) relevant to this lawsuit." The letter continued: "Defendants should retain and preserve information stored in any medium, including, but not limited to, electronically stored information." The Government's letter did not specifically mention any video surveillance recordings. By letter dated March 17, 2010, counsel for the defendants replied, "We want to assure you that the Defendants

have taken reasonable steps to identify and preserve potentially relevant information from data sources that are reasonably accessible to them." This letter also did not mention any video surveillance recordings.

By letter dated April 6, 2010, the Government wrote counsel for the defendants and specifically pointed out that the defendants had failed to produce any video surveillance recordings in response to the 2008 OIG subpoena. This letter sought to confirm that the defendants had preserved the video recordings in existence at that time and continuing. By letter dated May 25, 2010, counsel for the defendants wrote counsel for the government stating: "We want to make clear our view that Defendants have been under no obligation to preserve video surveillance tapes taken after the issuance of the … subpoenas." This letter did not address whether any video surveillance recordings from any period prior to the 2008 OIG subpoena had been preserved. By letter dated June 29, 2010, defense counsel asserted that on July 25, 2008, counsel for the parties discussed the fact that only 30 days of video surveillance recordings were available.

On November 22, 2010, the Government served defendants with a Request For Production Of Video And/Or Audio Recordings, ("Request"), seeking the "original, or an exact reproduction, of any and all video and/or audio recordings made for any reason at or for Keystone Marion Youth Center, from October 1, 2005, through March 2, 2010." On December 22, 2010, the defendants served a response objecting to the Request on the grounds that it was not reasonably calculated to lead to the discovery of admissible evidence, unreasonable and overbroad. The defendants asserted that they were under no continuing obligation to preserve any video surveillance recordings from October 1, 2005, through

March 2, 2010. Further, the defendants admitted that "almost all of these requested recordings are no longer available."

On February 7, 2011, the Government filed a Motion To Compel Production Of Video And/Or Audio Recordings with the court, ("Motion to Compel") (Docket Item No. 124). The Motion to Compel sought production of the recordings sought by the Request. In their response to the Motion to Compel, the defendants continued to object to the Request. In their response, the defendants also admitted that the Marion Youth Center had never altered its 30-day, "first-in, first-out" schedule of recording over video surveillance recordings. By Order dated March 16, 2011, the court granted the Motion to Compel and ordered the defendants to produce "[a]ll retained videotape recordings of serious incidents which occurred at the defendants' … facility in 2009 and 2010." (Docket Item No. 149.)

On March 31, 2011, the defendants produced approximately 90 video recording excerpts covering some 21 days to counsel for the Government. One of these recordings was made in 2007, and the rest were made in 2008 and later. Defense counsel asserted at the June 21 hearing that these excerpts were downloaded from the routine video surveillance system and retained because they documented a serious incident, use of physical restraint or a physical altercation. Defense counsel asserted that these videos were retained after the current risk manager became employed by the defendants. A letter accompanying the production represented that it was "all retained video surveillance footage take at Marion Youth Center between October 1, 2005, and March 2, 2010."

On May 12, 2001, the Government filed its Motion seeking imposition of sanctions on the defendants for failing to preserve and produce all video surveillance recordings made at Marion Youth Center from October 2007 to March 2, 2010. The Motion was heard by the undersigned by telephone conference call on June 21, 2011.

## II.     Analysis

The Motion argues that the court should instruct the jury at trial that it may draw an adverse inference based on the defendants' failure to preserve and produce the requested video surveillance recordings. This sanction is referred to as the "adverse spoliation inference." *See Evans v. Medtronic, Inc.*, 2005 U.S. Dist. LEXIS 38405, at *39-43 (W.D. Va. Dec. 27, 2005). Spoliation of evidence is "the destruction or material alteration of evidence or … the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001). "The right to impose sanctions for spoliation arises from a court's inherent power to control the judicial process and litigation…." *Silvestri*, 271 F.3d at 590.

The adverse spoliation inference "stems from the common sense observation that when a party destroys evidence that he knows is likely to be relevant to future litigation, it is likely that the party believed such evidence to be adverse to his interests." *Evans*, 2005 U.S. Dist. LEXIS 38405, at *40. "Given this rationale for the spoliation inference, courts must find some degree of fault or blameworthiness to impose sanctions…. An adverse inference 'cannot be drawn merely from [a party's] negligent loss or destruction of evidence; the inference requires a showing

that the party knew the evidence was relevant to some issue at trial and that his willful conduct resulted in its loss or destruction.'" *Evans*, 2005 U.S. Dist. LEXIS 38405, at *40 (quoting *Hodge v. Wal-mart Stores, Inc.,* 360 F.3d 446, 450 (4th Cir. 2004)).

The Fourth Circuit has developed a four-part test in considering whether to impose sanctions for failing to comply with a discovery order. *See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998). This test requires the court to determine "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Anderson*, 155 F.3d at 504.

The defendants argue that the imposition of any discovery sanction, including the adverse spoliation inference, is inappropriate in this case because they have not destroyed, nor have they failed to preserve, any evidence which they had reason to believe was relevant to the matters before the court. In particular, defense counsel argues that they had no reason to believe that video surveillance footage would be relevant in this litigation until served with the OIG subpoenas for the recordings in July 2008. At that time, defense counsel asserts that he notified counsel for the Government that the defendants only retained routine video surveillance recordings for approximately 30 days before taping over them. Defense counsel asserts that he and counsel for the Government agreed that there was no need to retain any of the routine surveillance videos for the previous 30 days. Because of this agreement, defense counsel asserts, he instructed the

defendants to continue their routine 30-days loop of video surveillance recordings. Defense counsel further asserts that it was not until the filing of the Government's Complaint in 2010 that the defendants were put on notice that any time period after 2007 was at issue in this case. Further, defense counsel argues that it was late 2010 before he realized that the Government was asserting that the defendants should have been preserving all routine surveillance video.

Again, counsel for the Government does not contest defense counsel's assertion that they had agreed that there was no need to preserve any of the 30 days of routine surveillance video existing in July 2008. Instead, counsel for the Government asserts that the defendants should be sanctioned for not downloading and preserving all video recordings of serious incidents, physical restraints or physical altercations for the relevant time period from 2005 to 2010. In particular, the Government urges that, because the defendants have produced some of these video excerpts, there must have been others that were not preserved. The Government, however, has not produced any evidence that any video evidence has been destroyed, other than by the 30-day span of taping of the video surveillance system.

Based on the facts before the court at this time, I find that the imposition of any sanction, including the adverse spoliation inference, on the defendants would be inappropriate. I cannot, at this time, find that the defendants have acted in bad faith. Defense counsel asserts that, pursuant to his agreement with the Government, he instructed the defendants that there was no need to alter their routine 30-day loop of video surveillance recordings at the Marion Youth Center. The Government does not, and cannot, assert that this agreement was never reached.

Therefore, the court cannot find that the defendants acted in bad faith if they were acting in accordance with counsel's instructions pursuant to an agreement with opposing counsel.

Furthermore, the court rejects the Government's argument that it should "infer" that the defendants have failed to preserve additional video recordings of serious incidents, physical restraints and physical alterations. To find that spoliation has occurred, a court first must find that the evidence previously existed. There is no evidence before this court, at this time, that any video recordings of serious incidents, physical restraints or physical altercations, which had previously been downloaded from the surveillance system and preserved, were destroyed before they could be produced in discovery in this litigation.

For the above-stated reasons, I will deny the Motion. An appropriate order will be entered.

ENTERED this 28th day of June, 2011.

/s/  *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE