# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ET AL., EX REL. MEGAN L. JOHNSON, ET AL., | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:07CV00054 |
| v. | ) ) | **OPINION** |
| UNIVERSAL HEALTH SERVICES INC., ET AL., | ) ) ) ) | By: James P. Jones United States District Judge |
| Defendant. | ) | |

*Mark T. Hurt, Abingdon, Virginia, for Plaintiffs Megan L. Johnson and Leslie L. Webb; Peter Leininger, Fulbright & Jaworski, LLP, Washington, D.C., for Defendants Keystone Education and Youth Services, LLC, and Keystone Marion LLC d/b/a Marion Youth Center.*

In this action alleging employment discrimination, wrongful discharge, and retaliation, the defendants seek to have the two individual plaintiffs examined by a psychiatrist, based on their allegations of severe psychological harm caused to them during their employment. The plaintiffs object to any such examination and insist that, if permitted, a third person of their choosing be present during the examination.

Because the parties cannot agree, the defendants have filed a Motion to Compel pursuant to Federal Rule of Civil Procedure 35(a), in which they seek an order requiring the plaintiffs to submit to an unaccompanied medical examination

by the defendants' expert. The motion has been briefed and argued and is ripe for decision.

For the reasons that follow, I will grant the motion for unaccompanied examinations.

The defendants have previously disclosed opinions under Rule 26(a)(2) from their medical expert, Keyhill Sheorn, M.D. These opinions, based solely on the medical records and absent any examinations, are that no psychological harm was caused to them by their employment. The plaintiffs contend that because of these opinions, the defendants have no need for an actual examination.

I disagree. Rule 35(a) permits the court to order -- upon motion and for good cause -- a mental or physical examination of a party whose mental or physical condition is in controversy in the case. The plaintiffs contend that they suffer, among other things, from post-traumatic stress disorder ("PTSD") as a result of their employment by the defendants. Clearly the psychological condition of the plaintiffs will be an important issue for the jury in this case. The plaintiffs have indicated that they intend to present at trial the testimony of at least three medical experts as to this issue. It would be hardly enlightening to the jury, or fair to the defendants, to allow only one side's medical experts to have the benefit of personal access to the plaintiffs. Accordingly, I find good cause exists for a medical examination of each plaintiff.

The question of allowing the plaintiffs to be accompanied at the examinations is a more difficult one. Counsel for the plaintiffs contend that because of their psychological conditions, the plaintiffs are afraid of appearing alone during the examinations, and wish to be accompanied by some other person. Plaintiffs' counsel has submitted letters from treating physicians of each plaintiff supporting this request. The defendants in turn have submitted a declaration of Dr. Sheorn, in which she requests that no third parties be present during the examinations.[1]

The court must specify the manner and conditions under which a Rule 35 examination takes place. The rule is silent as to whether third parties may attend an ordered examination, and it appears that the majority view is that the outside parties may not attend without a showing of good cause, in order to prevent interference with the process or give undue advantage to the opposing party. See Holland v. United States, 182 F.R.D. 493, 495 (D.S.C. 1998).

The requests by the plaintiffs that they be accompanied to the examinations are not based on any showing that the Dr. Sheoen will use unusual or unorthodox medical techniques. Dr. Sheoen, according to the record, is an experienced psychiatrist who specializes in the treatment of PSTD. There is certainly no

---

[1] The plaintiffs object to the court's consideration of Dr. Sheoen's declaration because it was not filed with the initial Motion to Compel. However, the declaration was filed with my permission given at the motion hearing in order to complete the record. Accordingly, I will deny the plaintiffs' Motion to Strike (ECF No. 248).

showing that she will intentionally cause the plaintiffs distress or treat them in any unfair or oppressive manner. Indeed, plaintiffs' counsel agrees that there is "a lot of irrationality involved" in the plaintiffs' fear of an examination.

The plaintiffs support their requests with letters from physicians. Chelsea Hamman, M.D., plaintiff Webb's family physician, says that she has "concern that the stress of an un-chaperoned interrogational examination may be detrimental to [Webb's] psychiatric well being." Chris Aiken, M.D., of the "Mood Treatment Center" says that since the "evaluation is not being performed in a professional therapeutic environment," plaintiff Johnson should be accompanied by a "nurse."

Dr. Sheorn's concern is that a third party's presence would contribute to an "adversarial atmosphere," suggesting to the examinee that she and the physician are on opposing sides, which would be destructive of the physician's ability to elicit the "genuine responses" crucial to any evaluation. I share that concern.

With due respect to the opinions of plaintiffs' physicians, it appears that they are misinformed as to the circumstances under which the examination by Dr. Sheorn will take place. There is no evidence that a nurse or other additional person with medical training would need to be present. Based upon the record, I am confident that Dr. Sheorn will be able to appropriately handle any symptoms of anxiety or distress that may result from the examinations.

Accordingly, the defendant's motion (ECF No. 229) is GRANTED. The plaintiffs must present themselves for a medical examination by Dr. Sheorn at a reasonable time and place. While of course the plaintiffs may be accompanied to the place of examination, the defendants' expert must be allowed an opportunity to conduct an appropriate examination in private.

It is so ORDERED.

DATED: July 13, 2011

/s/  James P. Jones
United States District Judge